UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 16-08699 AG (RAO) | Date: | December 12, 2016 |
| Title: | Terry L. Newman v. Martin Biter | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| | |
|---|---|
| Gay Roberson | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS SUCCESSIVE**

On November 22, 2016, the Court received Petitioner Terry L. Newman's Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "2016 Petition"). The 2016 Petition challenges Petitioner's 2005 sentence in the Los Angeles County Superior Court in case number BA258596. On November 23, 2016, the Court issued an order requiring a response to the 2016 Petition. On December 9, 2016, Respondent filed a Motion to Vacate Order Requiring Return/Answer to Petition asserting that the 2016 Petition is successive and must be dismissed because Petitioner has not obtained permission from the Ninth Circuit authorizing the District Court to consider a successive petition in this matter. (Dkt. No. 6.)

1. **Pertinent Procedural History**

On September 17, 2007, Petitioner filed an earlier habeas petition in this Court, *Terry L. Newman v. Tommy Felker*, case number CV 07-06023 AG (SH), in which he challenged his 2005 conviction and sentence in case number BA258596 ("2007 Petition").[1] The 2007 Petition (as amended) was dismissed on the merits with prejudice pursuant to the Judgment entered on January 31, 2009. (CV 07-06023 AG (SH), Dkt. No. 31.) Petitioner's request for a certificate of appealability was denied by both the District Court and the Ninth Circuit Court of Appeals. (*Id.*, Dkt. Nos. 35, 41.)

On December 2, 2009, Petitioner filed another habeas petition in this Court, *Terry L. Newman v. M.D. McDonald*, case number CV 09-08842 AG (SH), also challenging his 2005 conviction ("2009 Petition"). The 2009 Petition was dismissed on December 29, 2009 as successive. (CV 09-08842, Dkt. No. 4.)

---

[1] The Court takes judicial notice of its own records and files. *See* Fed. R. Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 16-08699 AG (RAO)      Date: December 12, 2016
Title: Terry L. Newman v. Martin Biter

### 2. Successive Petitions

The United States Supreme Court has explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); see also *Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).

In the 2016 Petition, Petitioner claims that his sentence of 25 years to life for discharging a weapon causing great bodily injury violates his due process rights and is unconstitutional and cites to *Johnson v. United States*, 135 S. Ct. 2551 (2015)[2]. Because the instant 2016 Petition challenges the same 2005 conviction and sentence that Petitioner challenged in his 2007 Petition for habeas relief, which this Court denied, the 2016 Petition is successive.

Petitioner must therefore obtain permission from the Ninth Circuit before this Court can adjudicate his challenge to his 2005 conviction and sentence. See 28 U.S.C. 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.") A review of the docket does not show that Petitioner has

---

[2] In *Johnson*, the Supreme Court held that the residual clause definition of "violent felony" in the Armed Career Criminal Act ("ACCA") is void for vagueness. And in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court further held that *Johnson* announced a new substantive rule of constitutional law that applies retroactively on collateral review to ACCA-enhanced sentences. *Id.* at 1264-68.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: CV 16-08699 AG (RAO)     Date: December 12, 2016
Title: Terry L. Newman v. Martin Biter

applied for or received permission from the Ninth Circuit to file the instant 2016 Petition. Therefore, the Court lacks jurisdiction to adjudicate Petitioner's habeas challenge to his 2005 conviction and sentence.

Even if Petitioner qualifies for an exception to the bar on successive claims under AEDPA, he must first still apply for, and receive, permission from the Ninth Circuit before filing a petition in this Court. *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). AEDPA provides that a claim presented in a second or successive federal habeas petition that was not previously presented in a prior petition shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underyling the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

As noted above, even if the instant 2016 Petition's reliance on *Johnson* were to satisfy either Section 2244(b)(2)(A) or (B), Petitioner is still required to obtain authorization from the Ninth Circuit before filing a successive petition in this Court. 28 U.S.C. § 2244(b)(3)(A).

### Conclusion

For the reasons discussed above, the 2016 Petition appears to be successive and is barred pursuant to § 2244(a)(3)(A). Petitioner is **ordered to show cause by January 3, 2017**, why the 2016 Petition should not be dismissed as successive.

**Petitioner is warned that failure to respond by January 3, 2017, will result in the instant 2016 Petition being summarily dismissed as successive.**

IT IS SO ORDERED.

                                                        :
Initials of Preparer     gr